UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHELE COFFEY,

                      Plaintiff,            12-CV-138A(Sr)

v.

PATRICK R. DONAHOE,
Postmaster General,

                      Defendant.

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

Currently before the Court is defendant's motion (Dkt. #5) pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of plaintiff's complaint as untimely filed under the applicable statute of limitations, and plaintiff's motion (Dkt. #9) to amend the complaint. For the reasons that follow, it is recommended that defendant's motion be granted, and plaintiff's motion be denied.

## BACKGROUND

Plaintiff Michele Coffey commenced this action on February 14, 2012, against her employer, the United States Postal Service ("Postal Service"), alleging discrimination based on her sex, and retaliation for complaining to her union and her

managers about sexual harassment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified at 42 U.S.C. §2000e, *et seq.* Dkt. #1. In her original complaint, plaintiff alleged that she complied with Title VII's exhaustion of administrative remedies requirement by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 13, 2009 (identified in the complaint as Charge No. 4B-140-0015-09), and that the EEOC mailed her a "Right to Sue" letter on November 20, 2009. Dkt #1, ¶¶6-7.

In lieu of an answer, defendant moved to dismiss the complaint as untimely under 42 U.S.C. §2000e-16(c), which requires a Title VII action brought against the Postal Service in federal court to be filed within 90 days of receipt of notice of final action by the agency investigating the administrative charge. Plaintiff responded by moving for leave to amend the complaint in order to correct a "clerical error" by alleging that she filed a second administrative discrimination complaint against the Postal Service on March 14, 2011 (identified in the proposed amended complaint as Charge No. 4C-140-0009-11), and that the EEOC mailed her a right-to-sue letter on November 10, 2011. Dkt. #9-1, ¶¶6-7.

Defendant maintains in reply that, accepting as true the procedural allegations in the proposed amended complaint, and giving plaintiff the benefit of the "3-day mailing rule" (*i.e.*, that a mailed document is presumed to be received three days after its mailing), her Title VII claims are still time-barred since plaintiff would have received the notice of final agency action on November 13, 2011, and the federal court action was commenced 93 days later on February 14, 2012. *See* Dkt. #10.

Plaintiff then filed a memorandum (Dkt. #13) in support of her motion for leave to amend, attaching as an exhibit a document purported to be the first page of the "Final Agency Decision" issued by the Postal Service's EEO Office with regard to Charge No. 4C-140-0009-11 (Dkt. #13-1, p. 1). Also attached is the affidavit Sandra Whipple, identified as an employee of plaintiff's attorney whose duties include handling the incoming mail at the attorney's law office (Dkt. #13-2). Ms. Whipple attests that the date stamp on the reverse side of the notice shows that it was received at the law office on November 16, 2011 (Dkt. #13-1, p. 2).[1] Plaintiff contends that this would bring the action – commenced on February 14, 2012 – within the 90-day statute of limitations.

Defendant responds that the action must still be dismissed as untimely because, under Second Circuit case law, the 90-day limitations period begins to run on the date that the notice of right to sue is first received (or presumed to be received) either by the claimant or by the claimant's counsel, whichever is earlier. *See* Dkt. #15.

Upon review of the pleadings, pertinent information contained in the parties' written submissions, and relevant authority, the Court agrees with defendant's position, and respectfully recommends that the action be dismissed as untimely pursuant to 42 U.S.C. §2000e-16(c) and Rule 12(b)(6).

---

[1]Ms. Whipple attests in her affidavit that there are two dates stamped on this page "because the first came out barely legible. They are both dated November 16th, 2011." Dkt. #13-2, p. 1. The Court notes that, on the copy of the document accessible on the Court's electronic filing system, the two dates appear reasonably legible as November 16, 2011, and November 10, 2011. *See* Dkt. #13-1, p. 2.

**DISCUSSION**

**Motion to Dismiss Based On Statute of Limitations**

An affirmative defense based on failure to timely commence an action under the applicable statute of limitations is properly brought by way of a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). *See Garner v. DII Industries, LLC*, 2011 WL 573567, at *2 (W.D.N.Y. Feb. 15, 2011) (citing *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.")). In considering a Rule 12(b)(6) motion to dismiss, the court must "accept[ ] all factual allegations in the complaint[2] as true, and draw[ ] all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (quotation marks and citation omitted), *cert. denied*, 513 U.S. 1079 (1995).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

---

[2] For the purposes of considering a Rule 12(b)(6) motion, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992); *see also Banks v. State University of New York*, 2007 WL 895505, at *4 (W.D.N.Y. Mar. 22, 2007).

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**Title VII's 90-Day Statute of Limitations**

As explained by the Supreme Court, Congress intended Section 717 of Title VII to provide "an exclusive, pre-emptive administrative and judicial scheme" for the redress of racial discrimination in personnel decisions concerning federal employees, including employees of the Postal Service. *Brown v. General Servs. Admin.*, 425 U.S. 820, 829 (1976); *see Colon v. Potter*, 51 F. App'x 43, 45-46 (2d Cir. 2002) (citing 42 U.S.C. § 2000e-16(a)). Like private sector employees, federal employees seeking relief under Title VII must first fully exhaust administrative remedies prior to commencing an action in federal court. *See* 42 U.S.C. §2000e-16(c); 29 C.F.R. §§1614.105-1614.110. "To preserve a claim upon exhaustion, Title VII requires a federal employee to file a claim of employment discrimination in federal court within ninety[ ]days of his employer's denial of administrative relief." *Colon*, 51 F. App'x at 46 (citing 42 U.S.C. §2000e-16(c); 29 C.F.R. §1614.407).

The Second Circuit considers Title VII's time limits as "analogous to a statute of limitations," subject to waiver, estoppel, and equitable tolling. *Banks v. State University of New York*, 2007 WL 895505, at * 5-6 (W.D.N.Y. Mar. 22, 2007) (quoting *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996)). "Therefore, the failure to bring suit within the statutory filing period is a ground for dismissing a complaint in the absence of a recognized equitable consideration." *Hassan v. NYC Off Track Betting Corp.*, 2007 WL 678422, at *3 (S.D.N.Y. Mar. 6, 2007) (citations omitted).

The courts have "strictly enforced" the 90-day time limit. *See, e.g., Hughes v. Elmira College*, 584 F. Supp. 2d 588, 589 (W.D.N.Y. 2008) (citing cases). Indeed, the Second Circuit has held that, "in the absence of a recognized equitable consideration the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (quotation omitted).

In this case, accepting as true the allegations in the proposed amended complaint (and information incorporated therein by reference), plaintiff filed her second administrative discrimination charge against the Postal Service on March 14, 2011 (Dkt. # 9-1, ¶5), and the EEOC mailed her a right-to-sue letter on November 10, 2011 (Dkt. # 9-1, ¶7). Plaintiff does not allege the date when she received the letter, and the date of mailing is not in dispute. Applying the presumptions (1) that notice provided by a government agency was mailed on the date shown on the notice, *see Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 & n. 1 (1984)), and (2) that a mailed document is received three days after its mailing, *id.* at 525, plaintiff is presumed to have received the final agency decision on November 13, 2011.

These presumptions are "not dispositive, however, '[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail.' " *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (quoting *Sherlock*, 84 F.3d at 526). As mentioned above, plaintiff seeks to rebut the presumption of the three-day mailing rule by way of Ms.

Whipple's affidavit stating that the notice of final agency decision was received at the attorney's law office on November 16, 2011, thereby bringing the commencement of the federal court action within the 90-day limitations period.

The Second Circuit's holding in *Tiberio* forecloses this result. In *Tiberio*, the right-to-sue letter was mailed to plaintiff on November 24, 2010, with copies to her employer and her attorney, and the Title VII action was commenced in federal court on February 28, 2011, 96 days after the right-to-sue letter was issued. Plaintiff's complaint did not specify when she received the right-to-sue letter, and "[i]n the absence of contrary evidence," the circuit court presumed it was received three days after its mailing – on November 27, 2010, which rendered the action untimely by three days. *Tiberio*, 664 F.3d at 37. The plaintiff contended that the starting date for calculation of the limitations period should be November 29, 2010, the date her attorney allegedly received the right-to-sue letter. The circuit court rejected this contention, holding as follows:

> It is well established that notice to an attorney's office which is acknowledged by a representative of that office qualifies as notice to the client. But the general principle of constructive notice does not affect, much less vitiate, the operative presumptions regarding the receipt of an EEOC right-to-sue letter by the claimant herself. Indeed, to abandon these presumptions would permit a claimant represented by counsel to gain an extension of time, notwithstanding her *own* receipt of an EEOC notice, simply by virtue of a subsequent delivery of the notice to her attorney. That cannot be the law. Accordingly, we now hold that the 90–day limitations period set forth in [Title VII] begins to run on the date that a right-to-sue letter is first received either by the claimant or by counsel, whichever is earlier.

*Id.* at 37-38 (emphasis in original).

Under the closely analogous circumstances presented in this case, plaintiff has not specifically alleged the date she, herself, received the right-to-sue notice which was

7

mailed to her on November 10, 2011. In the absence of contrary evidence, the Court presumes that plaintiff received the notice three days later, on November 13, 2011. Following the holding in *Tiberio*, it "cannot be the law" that plaintiff should be allowed to avoid strict enforcement of the 90-day time limit by calculating the running of the limitations period from the date the notice was delivered to her attorney's law office, notwithstanding her *own* receipt of the notice three days earlier. *Tiberio*, 664 F.3d at 38. Calculated from the date of plaintiff's presumed receipt of the notice, the statute of limitations expired on February 13, 2012,[3] and the action was commenced the next day. Therefore, under the binding Second Circuit and Supreme Court precedent outlined above, the action must be dismissed as untimely unless plaintiff can establish a justification for applying the principles of equitable tolling.

In this regard, courts within the Second Circuit have found equitable tolling of Title VII's 90-day statute of limitations to be appropriate only in " 'rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights.' " *Rosinski v. DRS EW & Network Systems, Inc.*, 2008 WL 5054222, at *2 (W.D.N.Y. Nov. 21, 2008) (quoting *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)). In fact, the Supreme Court has recognized only four situations justifying equitable tolling of Title VII's time limits: (1) where a claimant receives inadequate notice of the right to sue; (2) where circumstances justify tolling while a claimant's motion for appointment of counsel is pending; (3) where the court has

---

[3]Ninety days from November 13, 2011 was February 11, 2012, a Saturday. Under Fed. R. Civ. P. 6(a)(1)(C), the statute of limitations would "continue[ ] to run until the end of the next day that is not a Saturday, Sunday, or legal holiday …," which was Monday, February 13, 2012.

led a plaintiff to believe she has done everything required of her; or (4) where affirmative conduct by the defendant has lulled the plaintiff into inaction. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (citations omitted). The court should also consider whether the person seeking application of the equitable tolling doctrine "(1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli–Edelglass*, 333 F.3d at 80-81 (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)).

No such extraordinary circumstances have been brought to the Court's attention, nor is there any showing that plaintiff (or her counsel) acted with reasonable diligence following presumed (or actual) receipt of the notice of final agency decision, to justify extending the limitations period in this case "by even one day." *Johnson*, 731 F.2d at 146; *see Hughes*, 584 F. Supp. 2d at 590 (Title VII action commenced 91 days after date of *pro se* plaintiff's presumed receipt of notice of right-to-sue dismissed as untimely in absence of grounds for equitable tolling); *Manley v. New York City Police Dept.*, 2005 WL 2664220, at *3-5 (E.D.N.Y. Oct. 19, 2005) (Title VII action commenced 91 days after date *pro se* plaintiff alleged he received notice of right-to-sue dismissed as untimely in absence of grounds for equitable tolling).

Accordingly, upon thorough review of the pleadings and pertinent information incorporated therein by reference, and accepting as true the allegations in the proposed amended complaint, the Court respectfully recommends that this action be dismissed as

untimely within Title VII's 90-day limitations period, and that leave to amend to assert a facially plausible – and timely – claim for relief be denied as futile.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion (Dkt. #5) to dismiss the complaint be granted, and plaintiff's motion (Dkt. #9) for leave to amend the complaint be denied.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). <u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis

for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

DATED:	Buffalo, New York
	February 22, 2013

   <u>*s/ H. Kenneth Schroeder, Jr.*</u>
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge